IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| REGAL-BELOIT CORPORATION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TRUSTMARK INSURANCE COMPANY )<br>)<br>Defendant. ) | Case No. 10-cv-431 |

## AGREED HIPAA PROTECTIVE ORDER

This matter coming before the Court on the parties' Agreed Motion, the Court being fully advised in the premises of that motion, the Court enters this Order to facilitate the transfer of "protected health information" relevant to the parties' claims and defenses;

**IT IS HEREBY ORDERED:**

1. The following definitions apply to this Order:

"HIPAA" means the Health Insurance Portability and Accountability Act of 1996, codified primarily at 18, 26 & 42 U.S.C. (2003).

"PHI" means protected health information, as that term is used in HIPAA and the Privacy Standards and defined in 45 C.F.R. §§ 160 & 164 (2003). By way of illustration and not limitation, PHI includes, but is not limited to, health information, including demographic information, relating to either: the past, present, or future physical or mental condition of an individual; the provision of care to an individual; and the payment for care provided to an individual that identifies the individual or which reasonably could be expected to identify the individual.

"Privacy Standards" means the Standards for Privacy of Individually Identifiable Health Information. *See* 45 C.F.R. §§ 160 & 164 (2003).

"Covered entities" means those entities defined by 45 C.F.R. § 160.103 (2003) By way of illustration and not limitation, "Covered entities" refers to health care providers, health plans, and health care clearinghouses.

"Parties" or "Party" means all parties to this lawsuit.

1

2. Covered entities are ordered to disclose all requested PHI concerning Thomas Fehl in response to subpoenas or other formal process issued by the Parties. This Order specifically permits and requires the disclosure of all psychotherapy notes, as defined under 45 C.F.R. § 164.501, and all other records and notes regarding Thomas Fehl's mental or emotional health or condition;

3. The Parties may not use or disclose the PHI released pursuant to this Order for any purpose or in any proceeding other than for this lawsuit;

4. The Parties and their attorneys may use the PHI disclosed pursuant to this Order in any manner that is reasonably connected with this lawsuit but shall take care to limit the public disclosure in the court file of PHI by either redacting the patient's last name or by filing documents containing PHI under seal. This use includes, but is not limited to, disclosures to the Parties, their attorneys of record, the attorney's firms (i.e., attorneys, support staff, agents, consultants), the Parties' insurers, experts, consultants, court personnel, court reporters, copy services, trial consultants, jurors, venire members, and other entities involved in the litigation process;

5. This Order shall not control or limit the use of what would otherwise be considered PHI that comes into the possession of any Party or any Party's attorney from a source other than a covered entity;

6. The Parties shall store all PHI while it is in their possession according to the Privacy Standards; and

7. The Parties shall, with the issuance of a final order or the extinguishment of all appeals, return all PHI obtained during the course of this lawsuit to the covered entity or destroy the PHI, including all copies made. In the event returning or destroying the PHI is infeasible, the Parties shall protect the confidentiality of the PHI for as long as the Parties retain it and shall limit further uses and disclosures of the PHI to the purposes that make the return or destruction of the PHI infeasible.

DATED:   ENTERED:

1-11-11

_____
Magistrate Judge Stephen L. Crocker

William A. Chittenden III
Stuart F. Primack
CHITTENDEN, MURDAY & NOVOTNY LLC
303 W. Madison St.
Suite 1400
Chicago, IL 60606